# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

1. ROBERT BUFORD HUDSON,  )
2. LACEY DAWN HUDSON,  )
                                          )
      Plaintiffs,  )
                                          )
v.  ) Case No. CIV-18-648-W
                                          )
1. MDOW INSURANCE COMPANY,  )
   a foreign for-profit insurance corporation,  )
                                          )
      Defendant.  )

## COMPLAINT

## A. Parties

1. Plaintiffs, Robert Buford Hudson and Lacey Dawn Hudson, are each citizens of Logan County in the State of Oklahoma.

2. Defendant, MDOW Insurance Company, is a foreign, for-profit insurance corporation incorporated and organized under the laws of the State of Texas.

3. The principal place of business for Defendant, MDOW Insurance Company, is within the State of Texas.

4. The Defendant, MDOW Insurance Company, is licensed to conduct business in the State of Oklahoma and may be served with process through the Oklahoma Department of Insurance.

5. This action is not related to any other case filed in this court.

### B. Jurisdiction

6. The court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 as there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### C. Facts

7. At all times material hereto, Plaintiffs, Robert Buford Hudson and Lacey Dawn Hudson, owned a home located at 1307 Mockingbird Road in Guthrie, Oklahoma.

8. On or about August 20, 2017, Plaintiffs' home, including their HVAC system, sustained damage as a result of a water leak.

9. At all times material hereto, the Plaintiffs, Robert Buford Hudson and Lacey Dawn Hudson, were insured under the terms and conditions of a property insurance policy, policy No. MDF35103852-01, issued by the Defendant, MDOW Insurance Company.

10. At all times material hereto, Plaintiffs, Robert Buford Hudson and Lacey Dawn Hudson, complied with the terms and conditions of their insurance policy.

11. Water damage is a covered peril and the Plaintiffs' damages which occurred on or about August 20, 2017 are not otherwise excluded pursuant to the terms and conditions of the policy issued by the Defendant, MDOW Insurance

Company.

### D. Count I: Breach of Contract

12.     Plaintiffs, Robert Buford Hudson and Lacey Dawn Hudson, hereby assert, allege and incorporate paragraphs 1-11 herein.

13.     The property insurance policy No. MDF35103852-01, issued by the Defendant, MDOW Insurance Company, was in effect on August 20, 2017.

14.     The acts and omissions of the Defendant, MDOW Insurance Company, in the investigation, evaluation, and denial of Plaintiffs' claim were unreasonable and constitute a breach of contract for which contractual damages are hereby sought.

15.     Defendant's breach of contract includes, but is not limited to, the improper denial of Plaintiffs' claim and the failure to pay for covered damages to Plaintiffs' HVAC system. During the claim process, it was confirmed by an HVAC vendor that Plaintiffs' HVAC system and related ductwork were damaged as a result of the water leak. Plaintiffs provided Defendant with a copy of the HVAC vendor's report and duct scope. Defendant improperly concluded, without adequate investigation, that the damage to Plaintiffs' HVAC system was not covered. Defendant ignored and misstated the findings of the duct scope and concluded, without any reasonable basis, that the damage sustained by Plaintiffs was the result of "deterioration" within the ducts. Had Defendant thoroughly and

fully investigated the cause, origin and duration of the Plaintiffs' water leak, it would have learned that Plaintiffs' HVAC system was directly damaged as a result of the leak and the damages sustained by Plaintiffs were owed under the terms and conditions of the policy.

### E. Count II Bad Faith

16.   Plaintiffs, Robert Buford Hudson and Lacey Dawn Hudson, hereby assert, allege and incorporate paragraphs 1-15 herein.

17.   The above mentioned acts and omissions of the Defendant, MDOW Insurance Company, in the investigation, evaluation, and denial of Plaintiffs' claim were unreasonable and constitute bad faith for which bad faith and extra-contractual damages are hereby sought. Defendant unreasonably and in bad faith failed to pay for covered damage to the Plaintiffs' HVAC system. Defendant conducted an improper and unreasonable claim investigation, evaluation, and adjustment which resulted in an unreasonable denial of coverage for Plaintiffs' covered loss. Defendant improperly denied Plaintiffs' claim and failed to pay for covered damages to Plaintiffs' HVAC system. During the claim process, it was confirmed by an HVAC vendor that Plaintiffs' HVAC system and related ductwork were damaged as a result of the water leak. Plaintiffs provided Defendant with a copy of the HVAC vendor's report and duct scope. Defendant improperly concluded, without adequate investigation, that the damage to Plaintiffs' HVAC system was not covered.

Defendant ignored and misstated the findings of the duct scope and concluded, without any reasonable basis, that the damage sustained by Plaintiffs was the result of "deterioration" within the ducts. Had Defendant thoroughly and fully investigated the cause, origin and duration of the Plaintiffs' water leak, it would have learned that Plaintiffs' HVAC system was directly damaged as a result of the leak and the damages sustained by Plaintiffs were owed under the terms and conditions of the policy.

18.   Defendant's unreasonable, bad faith conduct includes, but is not limited to, an unreasonable claim investigation, evaluation, and adjustment which resulted in an improper denial of coverage for Plaintiffs' covered loss.

### F. Count III Punitive Damages

19.   Plaintiffs, Robert Buford Hudson and Lacey Dawn Hudson, hereby assert, allege and incorporate paragraphs 1-18 herein.

20.   The unreasonable conduct of the Defendant, MDOW Insurance Company, in the handling of Plaintiffs' claim was intentional, willful, wanton, and was committed with a reckless disregard for the rights of the Plaintiffs for which punitive damages are hereby being sought.

### G. Demand for Jury Trial

21.   The Plaintiffs, Robert Buford Hudson and Lacey Dawn Hudson, hereby request that the matters set forth herein be determined by a jury of their peers.

## H. Prayer

22. Having properly pled, Plaintiffs, Robert Buford Hudson and Lacey Dawn Hudson, hereby seek contractual, bad faith and punitive damages against the Defendant, MDOW Insurance Company, all in an amount in excess of $75,000.00; including costs, interest and attorney fees.

Respectfully submitted,

S/ *Michael D. McGrew*
Michael D. McGrew, OBA# 13167
McGrew, McGrew & Associates, PC
400 N. Walker Ave., Suite 115
Oklahoma City, Oklahoma 73102
(405) 235-9909 Telephone
(405) 235-9929 Facsimile
mcgrewslaw@yahoo.com
**ATTORNEY FOR THE PLAINTIFFS**